UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| PT SERVICES, INC. | ) Case No. 23-50745 |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

## MOTION BY DANIEL C. BRUTON, CHAPTER 7 TRUSTEE, TO COMPROMISE AND SETTLE CLAIM

Daniel C. Bruton, ("Trustee") hereby moves the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to approve and authorize Trustee to compromise and settle certain claims the bankruptcy estate holds or may hold against Allen Dobson, Alan Thacker, SG Distilleries, LLC and the Estate of Susan Leanne Powell, and in support thereof, shows the Court as follows:

1. The above-captioned debtor (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on November 8, 2023. Daniel C. Bruton is the duly appointed Chapter 7 Trustee (the "Trustee").

2. Concomitant with the filing of the bankruptcy case, the Debtor removed a pending lawsuit from Guilford County, North Carolina, Case No. 22 CVS 3143, to this Court (the "Removed Lawsuit"). The Removed Lawsuit concerns six causes of action asserted by the Estate of Susan Leanne Powell against the Debtor, Allen Dobson, and Alan Thacker. Allen Dobson and Alan Thacker are officers and/or directors of the Debtor.

3. The Trustee has asserted that all or some of the causes of action asserted in the Removed Action are property of the Debtor's bankruptcy estate.

4. The parties have resolved their differences and have entered into a Settlement Agreement. A true and accurate copy of the Settlement Agreement is attached.

5. As outlined in more detail in the Settlement Agreement, in exchange for a release of all claims against SG Distilleries, LLC, Allen Dobson, and Alan Thacker, Allen Dobson and Alan Thacker have agreed to pay the Trustee/bankruptcy estate the amount of $45,000 within fifteen (15) days of the entry of an Order by this Court approving this settlement. Specifically excepted from such release is the obligation of Allen Dobson, Alan Thacker, and SG Distilleries, LLC to indemnify the Debtor for claims that may be filed against the bankruptcy estate in this case on account of any pre-

receivership debt that was assumed by SG Distillers, LLC in connection with a prepetition receivership sale of the Debtor's non-cash assets to SG Distilleries, LLC.

6. Pursuant to the terms of the Settlement Agreement, all parties are releasing the bankruptcy estate from all claims and causes of action, with the exception that Allen Dobson, Alan Thacker, and the Estate of Susan Leanne Powell shall be entitled to participate in any distribution of estate funds, after the payment of creditor claims, to shareholder equity interest in the Debtor.

7. Pursuant to the terms of the Settlement Agreement, the parties to the Removed Action are required to filed dismissals with prejudice of all claims and counterclaims asserted in the Removed Action.

8. The Settlement Agreement also provides for releases between Allen Dobson, Alan Thacker, and the Estate of Susan Leanne Powell, which does not impact the bankruptcy estate in any regard.

9. The Trustee is of the opinion that the settlement outlined herein is in the best interests of creditors and the bankruptcy estate. As the Court is well aware, litigation is time consuming and expensive and comes with unavoidable risks. The results of any future litigation and the collectability of any judgment that ultimately may be obtained are unknown. Similarly, the bankruptcy estate has limited funds to be able to properly prosecute any claims it may have against Allen Dobson and Alan Thacker and, therefore, the proposed settlement makes good, practical sense in this circumstance.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order providing the following relief:

1. Approving the compromise as outlined more completely in the Settlement Agreement; and

2. Granting the Trustee such other and further relief as this Court deems appropriate and just.

Respectfully submitted, this the 13th day of February, 2024.

/s/ Daniel C. Bruton
Daniel C. Bruton, NCSB No. 22440
Attorney for the Trustee
Bell Davis & Pitt, PA
100 N. Cherry St, Suite 600
Winston-Salem, NC 27101
Telephone: (336) 722-3700

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

In re: )
)
PT SERVICES, INC. ) Case No. 23-50745
) Chapter 7
Debtor. )
)

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE made this 13th day of February, 2024, by and between DANIEL C. BRUTON, Chapter 7 Bankruptcy Trustee for PT Services, Inc. (the "Trustee"); ALLEN DOBSON ("Dobson"); THOMAS THACKER ("Thacker"); the ESTATE OF SUSAN LEANNE POWELL (the "Powell Estate"); RICK KRAUSE AS CTA OF THE POWELL ESTATE ("Kraus") and SG DISTILLERIES LLC (SG Distilleries").

RECITALS:

WHEREAS, the above-captioned debtor (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on November 8, 2023. Daniel C. Bruton is the duly appointed Chapter 7 Trustee (the "Trustee").

WHEREAS, Prior to the bankruptcy filing, on October 4, 2022 a receivership action was filed against the Debtor in the Superior Court of Cabarrus County North Carolina, Case No. 22 CVS 3143 (the "Receivership Action").

WHEREAS, on March 6, 2023, the court in the Receivership Action entered a Consent Order appointing a receiver for the purpose of overseeing the sale of the Debtor's assets.

WHEREAS, on May 26, 2023, the court in the Receivership Action entered an Order approving the sale of the Debtor's non-cash assets to SG Distilleries, LLC. Pursuant to the terms of the Asset Purchase Agreement documenting the receivership sale to SG Distilleries, SG Distilleries assumed and agreed to pay all of the pre-receivership debt of the Debtor including, but not limited to, the secured debt of Uwharrie Bank.

WHEREAS, on May 26, 2023, the court in the Receivership Action entered an Order allowing the Estate of Susan Leanne Powell to intervene in the Receivership Action.

WHEREAS, on June 14, 2023, the Estate of Susan Leanne Powell filed its Intervenor's Pleading in the Receivership Action, which effectively constitutes a



complaint (the "Intervenor Complaint") against the Debtor, as well as Dobson and Thacker, both members of the board of directors of the Debtor and shareholders of the Debtor.

WHEREAS, the Intervenor Complaint asserted six (6) causes of action, the principal causes of action being derivative claims against Dobson and Thacker for breach of fiduciary duty and breach of corporate officer duty.

WHEREAS, concomitant with the filing of the Debtor's Chapter 7 case, the Debtor removed the Receivership Action, which at that time consisted of the Intervenor Complaint, to the Bankruptcy Court (the "Removed Action").

WHEREAS, subsequent to the receivership sale, but prior to the Debtor's bankruptcy filing, SG Distilleries failed to pay the secured debt of Uwharrie Bank on demand. Accordingly, Uwharrie Bank turned to Dobson for collection of the Uwharrie Bank debt based on his personal guaranty of the same and Dobson paid and satisfied that debt in the amount of $414,580.32.

WHEREAS, Dobson has not filed a claim in the bankruptcy case at this juncture, but the Debtor's bankruptcy schedules list Dobson as an unsecured creditor of the Debtor in the amount of $414,580.32, the amount Dobson paid to Uwharrie Bank on account of his personal guaranty.

WHEREAS, in the Receivership Action, Dobson filed a counterclaim for contribution (the "Contribution Counterclaim") against the Powell Estate, inasmuch as the Powell Estate, like Dobson, was a guarantor of the Uwharrie Bank indebtedness. The Contribution Counterclaim has been removed to the Bankruptcy Court as part of the Removed Action.

WHEREAS, the parties now desire to resolve all disputes between them.

NOW, THEREFORE, in consideration of good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Within fifteen (15) fifteen days of the entry of an Order by the Bankruptcy Court approving this settlement, Thacker and/or Dobson, or both of them, shall pay the Trustee / bankruptcy estate the amount of $45,000 (the "Settlement Amount"). Payment shall be made payable to "Daniel C. Bruton, Trustee" at the following address: Daniel C. Bruton, Bell Davis & Pitt, PA., PO Box 21029, Winston-Salem, NC 27120-1029.

2. Within ten (10) days of the payment of the full Settlement Amount to the Trustee in good and negotiable funds, (i) the Powell Estate and the Trustee shall file a voluntary dismissal with prejudice of the Removed Action; (ii) Dobson shall file a voluntary dismissal with prejudice of the Contribution Counterclaim; and (iii) Dobson and Thacker shall dismiss with prejudice any claims or proceedings filed in the Powell Estate or against the Powell Estate.

3. **Mutual releases:**

A. The Dobson Parties Releases:

Upon the payment of the full Settlement Amount in good and negotiable funds, Dobson, Thacker, and SG Distilleries (collectively, the "Dobson Parties") herby release, waive, acquit, and forever discharge the Trustee and the Debtor's bankruptcy estate and their respective principals, officers, directors, members, managers, shareholders, employees, agents, assigns, attorneys, affiliates and successors in interest from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, actions, causes of action, suits, rights, and demands of any nature whatsoever, whether known or unknown, accrued or unaccrued, from the beginning of time to the date of this Agreement, arising in or under or related in any way to the Receivership Action, the Intervenor Complaint, the Removed Action, the Contribution Counterclaim, this Bankruptcy Case, the Powell Estate's estate proceeding, or the Debtor's prior operations, it being their intention to settle, waive and release any and all claims or matters of dispute they have, could have, or might have had, whether known or unknown, forever that are in any way connected to the Debtor.

Upon the payment of the full Settlement Amount in good and negotiable funds, the Dobson Parties herby release, waive, acquit, and forever discharge the Powell Estate and Kraus (the "Powell Estate Parties") and their respective principals, officers, directors, members, managers, shareholders, employees, agents, assigns, attorneys, affiliates and successors in interest from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, actions, causes of action, suits, rights, and demands of any nature whatsoever, whether known or unknown, accrued or unaccrued, from the beginning of time to the date of this Agreement, arising in or under or related in any way to the Receivership Action, the Intervenor Complaint, the Removed Action, the Contribution Counterclaim, this Bankruptcy Case, the Powell Estate's estate proceeding, or the Debtor's prior operations, it being their intention to settle, waive and release any and all claims or matters of dispute they have, could have, or might have had, whether known or unknown, forever that are in any way connected to the Debtor.

Notwithstanding anything in this Agreement to the contrary, the Dobson Parties are NOT releasing any claims that they may have or could assert against Drew Arrowood in his personal capacity. All such claims are specifically reserved, and this Agreement should not be construed to release any claims that the Dobson Parties have or could have against Drew Arrowood in his personal capacity. Additionally, for purposes of clarity, the Dobson Parties acknowledge that they are releasing any claims that they may have against Drew Arrowood in his capacity as prior Executor of the Estate of the Powell Estate.

Notwithstanding anything in this Agreement to the contrary, the Dobson Parties are NOT releasing any claims that they have against the Bankruptcy estate for their pro rata share of any distribution to the Debtor's equity holders.

B. <u>The Bankruptcy Estate/Trustee Releases:</u>

Upon the payment of the full Settlement Amount in good and negotiable funds, the bankruptcy estate and the Trustee (collectively, the "Debtor Parties") herby release, waive, acquit, and forever discharge the Dobson Parties and their respective principals, officers, directors, members, managers, shareholders, employees, agents, assigns, attorneys, affiliates and successors in interest from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, actions, causes of action, suits, rights, and demands of any nature whatsoever, whether known or unknown, accrued or unaccrued, from the beginning of time to the date of this Agreement, arising in or under or related in any way to the Receivership Action, the Intervenor Complaint, the Removed Action, the Contribution Counterclaim, this Bankruptcy Case, the Powell Estate's estate proceeding, or the Debtor's prior operations, it being their intention to settle, waive and release any and all claims or matters of dispute they have, could have, or might have had, whether known or unknown, forever that are in any way connected to the Debtor.

Upon the payment of the full Settlement Amount in good and negotiable funds, the Debtor Parties herby release, waive, acquit, and forever discharge the Powell Estate and Kraus and their respective principals, officers, directors, members, managers, shareholders, employees, agents, assigns, attorneys, affiliates and successors in interest from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, actions, causes of action, suits, rights, and demands of any nature whatsoever, whether known or unknown, accrued or unaccrued, from the beginning of time to the date of this Agreement, arising in or under or related in any way to the Receivership Action, the Intervenor Complaint, the Removed Action, the Contribution Counterclaim, this Bankruptcy Case, the Powell Estate's estate proceeding, or the Debtor's prior operations, it being their intention to settle, waive and release any and all claims or matters of dispute they have, could have, or might have had, whether known or unknown, forever that are in any way connected to the Debtor.

C. <u>Powell Estate Releases:</u>

Upon the payment of the full Settlement Amount in good and negotiable funds, the Powell Estate Parties herby release, waive, acquit, and forever discharge the Dobson Parties and their respective principals, officers, directors, members, managers, shareholders, employees, agents, assigns, attorneys, affiliates and successors in interest from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, actions, causes of action, suits, rights, and demands of any nature whatsoever, whether known or unknown, accrued or unaccrued, from the beginning of time to the date of this Agreement, arising in or

under or related in any way to the Receivership Action, the Intervenor Complaint, the Removed Action, the Contribution Counterclaim, this Bankruptcy Case, the Powell Estate's estate proceeding, or the Debtor's prior operations, it being their intention to settle, waive and release any and all claims or matters of dispute they have, could have, or might have had, whether known or unknown, forever that are in any way connected to the Debtor.

Upon the payment of the full Settlement Amount in good and negotiable funds, the Powell Estate Parties herby release, waive, acquit, and forever discharge the Debtor Parties and their respective principals, officers, directors, members, managers, shareholders, employees, agents, assigns, attorneys, affiliates and successors in interest from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, actions, causes of action, suits, rights, and demands of any nature whatsoever, whether known or unknown, accrued or unaccrued, from the beginning of time to the date of this Agreement, arising in or under or related in any way to the Receivership Action, the Intervenor Complaint, the Removed Action, the Contribution Counterclaim, this Bankruptcy Case, the Powell Estate's estate proceeding, or the Debtor's prior operations, it being their intention to settle, waive and release any and all claims or matters of dispute they have, could have, or might have had, whether known or unknown, forever that are in any way connected to the Debtor.

Notwithstanding anything in this Agreement to the contrary, the Powell Estate Parties are NOT releasing any claims that they have against the Bankruptcy estate for their pro rata share of any distribution to the Debtor's equity holders.

4. Excepted from the release provisions in paragraph 3 above, are the rights of Thacker, Dobson, and the Powell Estate to participate in any distributions of estate assets on account of their respective equity interests in the Debtor after the payment in full of creditor (nonequity) claims.

5. Although the receivership Asset Purchase Agreement requires SG Distilleries to assume and pay all of the pre-receivership debts of the Debtor, some of those debts are still outstanding and, because the Debtor was the initial obligor of such debts, the Debtor remains liable for those obligations. To the extent any claims are filed against the bankruptcy estate for such pre-receivership debts listed in the Asset Purchase Agreement as assumed by SG Distilleries, Dobson, Thacker, and SG Distilleries agree to indemnify, and shall indemnify, the bankruptcy estate for such pre-receivership debts listed in Schedule 2 attached to the Affidavit of Michael Martinez dated March 27, 2023 and as listed in the Asset Purchase Agreement as assumed by SG Distilleries so that available bankruptcy estate funds shall not be depleted to pay such claim(s). Such contingent indemnity claim is specifically excepted from the general release granted by the Trustee in paragraph 3 above.

6. To the extent not covered above, with the exception of the equity interest claims and the indemnity claim outlined above, within ten (10) days of the payment of the Settlement Amount to the Trustee in good and negotiable funds, the parties shall file dismissals with prejudice of any pending claims or litigation between the parties in any forum.

7. Each party hereto shall bear its own attorney's fees, costs and expenses in connection with this matter.

8. This Settlement Agreement shall be deemed to be a contract made under, and for all purposes shall be governed by and construed in accordance with, the laws of the State of North Carolina.

9. The parties hereto agree and stipulate that this Settlement Agreement represents a compromise of disputed claims. Nothing contained herein shall be construed to be an admission or acknowledgment of any kind of either party regarding the facts and circumstances giving rise to the matters resolved and settled by this Settlement Agreement.

10. Each party represents and acknowledges that it has been afforded full opportunity to discuss all aspects of this Agreement with legal counsel, accountants, tax advisors and/or financial advisors of its own choosing, and that it executes this Agreement without reliance upon any statement or representation of any other party or their representatives, except as set forth herein. Each party further represents and warrants that they have reviewed this Agreement, fully understand all its provisions, and voluntarily and knowingly sign this Agreement.

11. This Agreement constitutes the entire agreement between the parties, and supersedes all proposals, oral and written, and all other communications between the parties in relation to the subject matter of this Agreement. No change to or amendment of this Agreement shall be effective unless in writing and signed by all parties.

12. This Agreement may be signed in multiple counterparts which shall, when signed by all parties, constitute one binding agreement. By executing this Agreement, the parties specifically acknowledge that they have carefully read all of the terms, provisions, and conditions of this Agreement and acknowledge receipt of a copy hereof on the date of the execution hereof.

13. This Agreement shall be construed as though each party participated equally in drafting it and any uncertainty or ambiguity shall not be interpreted against any one party. This Agreement shall inure to the benefit of (and may be enforced by) each of the parties hereto and each of their respective successors and assigns.

14. This Agreement is subject to approval by the Bankruptcy Court. Should the Bankruptcy Court fail to approve this Agreement, then the parties shall be relegated

to their respective pre-Agreement rights, and shall hold such rights, claims, defenses, and privileges, as existed immediately before the execution of this Agreement.

IN WITNESS WHEREOF, the Trustee, Dobson, Thacker, SG Distilleries, the Powell Estate, and Kraus have executed this Settlement Agreement the day and year first above written.

_____
Daniel C. Bruton, Chapter 7 Trustee

_____
Thomas Thacker

_____
Allen Dobson


SG Distilleries, LLC

By: _____
Name: Thomas Thacker
Title: President


The Estate of Susan Leanne Powell

By: Rick Kraus
Its: Administrator CTA

_____
Rick Kraus, CTA of the Estate of Leanne Powell

CERTIFICATE OF SERVICE

      THIS IS TO CERTIFY that on the below date, the undersigned served a copy of the **MOTION BY DANIEL C. BRUTON, CHAPTER 7 TRUSTEE, TO COMPROMISE AND SETTLE CLAIM** by electronic means or by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

<u>Via CM/ECF</u>

J.P. Cournoyer  (bancm_ecf@ncmba.uscourts.gov)
US Bankruptcy Administrator

D. Stuart Punger  (stuart@fhslitigation.com)
Attorney for The Estate of Susan L. Powell

William P. Miller  (bancm_ecf@ncmba.uscourts.gov)
US Bankruptcy Administrator

Clint S. Morse  (cmorse@brookspierce.com)
Attorney for Thomas Thacker and Allen Dobson

Dirk W. Siegmund  dws@iveymcclellan.com
Attorney for Debtor

Ashley Rusher  asr@blancolaw.com
Attorney for the
Estate of Susan Leanne Powell

<u>Via First Class Mail</u>

Zachary Moretz
Moretz Law Group
56 Cabarrus Avenue
Concord, NC 28025

G. Gray Wilson
Nelson Mullins
380 Knolllwood Street
Suite 350
Winston-Salem, NC 27103

<u>See</u> attached creditors matrix

This the 13th day of February, 2023.

                                         /s/ Daniel C. Bruton
                                         Daniel C. Bruton, Trustee

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0418-6<br>Case 23-50745<br>Middle District of North Carolina<br>Winston-Salem<br>Tue Feb 13 14:10:39 EST 2024 | PT Services, Inc.<br>130 Dutch Rd.<br>Mount Pleasant, NC 28124-9333 | THE ESTATE OF SUSAN LEANNE POWELL<br>C/o Fredrick J. Kraus<br>77 MaCachern Blvd SE<br>Suite 3<br>Concord, NC 28025-3522 |
| Winston-Salem<br>601 W. 4th St., Suite 100<br>Winston-Salem, NC 27101-2745 | Allen Dobson<br>1600 S. Main St.<br>Mount Pleasant, NC 28124-8802 | Amerigas<br>117 Industrial Park Dr.<br>Biscoe, NC 27209-8096 |
| Attorney General of North Carolina<br>9001 Mail Service Center<br>Raleigh, NC 27699-9001 | Attorney General of the United States<br>US Dept. of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0009 | Cintas<br>6300 Harris Tech Blvd<br>Charlotte, NC 28269-3733 |
| Dumpsters.com<br>830 Canterbury Rd.<br>Westlake, OH 44145-1403 | Employment Security Commission<br>700 Wade Avenue<br>Raleigh, NC 27605-1167 | Financial Pacific Leasing<br>Umpqua Bank Vendor Finance<br>3455 S. 344th Way #300<br>Federal Way, WA 98001-9546 |
| H&A Barrel Lease<br>1225 E. MacArthur St.<br>Sonoma, CA 95476-3811 | Internal Revenue Service<br>Centralized Insolvency<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Moretz Law Group, PA<br>56 Cabarrus Ave. W.<br>Concord, NC 28025-5148 |
| Moretz Law Group, PA<br>Zac Moretz<br>56 Cabarrus Ave W.<br>Concord, NC 28025-5148 | Mt. Pleasant Properties II, LLC<br>Attn: Tommy Earnhardt<br>270 Copperfield Blvd, Suite 205<br>Concord, NC 28025-2452 | North Carolina Dept. of Labor<br>1101 Mail Service Center<br>Raleigh, NC 27699-1101 |
| North Carolina Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 | Small Business Administration<br>409 3rd ST SW<br>Washington, DC 20416-0002 | The Estate of Susan Leanne Powell<br>c/o Mr. Frederick J. Kraus, Executor CTA<br>77 McCachern Blvd SE, Suite 3<br>Concord, NC 28025-3522 |
| Thomas Thacker<br>645 West Ave.<br>Wadesboro, NC 28170-2121 | Town of Mt. Pleasant<br>P.O. Box 787<br>Mount Pleasant, NC 28124-0787 | Daniel C. Bruton<br>Bell, Davis & Pitt, P.A.<br>600 Century Plaza<br>100 North Cherry Street<br>P. O. Box 21029<br>Winston-Salem, NC 27120-1029 |
| Dirk W. Siegmund<br>Ivey, McClellan, Siegmund, Brumbaugh & M<br>100 South Elm Street<br>Suite 500<br>Greensboro, NC 27401-2643 | John Paul Hughes Cournoyer<br>U.S. Bankruptcy Administrator<br>101 South Edgeworth Street<br>Greensboro, NC 27401-6026 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Allen Dobson

End of Label Matrix
Mailable recipients    25
Bypassed recipients     1
Total                  26